IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Todd A. Akrie, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>City of Pittsburgh; Brian Weismantle, )<br>Michelle Lynn McHenry, S. Hitchings, )<br>Timothy Rush, J. McGee, T. Nutter, )<br>P. Moffatt and George Trosky, )<br>)<br>Defendants. ) | Civil Action No. 8-1636 |

AMBROSE, Chief District Judge

## OPINION
### and
## ORDER OF COURT

Plaintiff Todd Akrie ("Akrie") was arrested in January of 2006 and charged with criminal homicide, robbery and two counts of violating the Uniform Firearms Act in connection with the death of David Agar on January 28, 2005. See Complaint, ¶ 12. Akrie was tried without a jury in the Court of Common Pleas of Allegheny County, Pennsylvania before the Honorable Donald E. Machen. Id., ¶ 14. He was acquitted and discharged as to all counts. Id.

Akrie subsequently initiated this suit against the City of Pittsburgh ("the City") and Pittsburgh Police Officers Brian Weismantle, Michelle Lynn McHenry, S. Hitchings, Timothy Rush, J. McGee, T. Nutter, P. Moffatt and George Trosky (hereinafter collectively referred to as "the Defendants"). Akrie asserts claims under 42 U.S.C. § 1983 for violations of his Fourth and Fourteenth Amendment rights.[1] Specifically, he contends that the Defendants:

---

[1] Akrie references the Sixth Amendment in the "jurisdiction" section of his Complaint. In Count I, however, he references only the Fourth and Fourteenth Amendments. Given that he makes no substantive claims involving the Sixth Amendment, I presume that his reference as such was erroneous.

1

violated his freedom from unreasonable seizure of his person as secured to him under the Fourth and Fourteenth Amendments; that no warrant shall issue for the seizure of a [sic] unless based upon probable cause person [sic] secured to him under the Fourth and Fourteenth Amendments; and, his right not to be deprived of liberty or property without due process of law and the right to equal protection of the laws as secured to her [sic] by the Fourteenth Amendment.

Id., ¶ 19. Akrie also asserts pendant state law claims of false arrest, false imprisonment and malicious prosecution. Id., ¶¶ 22-37.

The Defendants have filed a Joint Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(6). See Docket No. [2]. The Defendants urge that the dismissal of all claims is warranted because all are untimely. Through Akrie does not reveal in the Complaint the date upon which he was acquitted of the charges in connection with Agar's death, the Defendants have supplied the Court records which indicate an acquittal date of September 28, 2006. See Docket No. [2], Ex. A. According to the Defendants, all of Akrie's claims accrued on or before two years from that date - September 28, 2008. Akrie did not commence this action until November 30, 2008. See Docket No. [1]. Consequently, the Defendants reason, all claims are barred by the applicable statute of limitations.

Akrie counters that the Defendants took steps to conceal their wrongdoing. As a result, he did not discover the wrongs until more than a year had transpired from the date of his acquittal. As such, he insists, he is entitled to rely upon both the discovery rule and the doctrine of equitable tolling in order to avoid dismissal of his claims.

After careful consideration, and for the reasons set forth below, the Motion is granted. The Complaint, as it currently reads, is untimely on its face. Nevertheless, Akrie is entitled to file an Amended Complaint, asserting the doctrines of equitable tolling and / or the discovery rule, in order to cure the deficiencies noted below.

## Standard of Review

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules

2

of Civil Procedure, I must construe all allegations of the complaint in the light most favorable to the plaintiff. I must also accept as true all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 653 (3d Cir. 2003). However, as the Supreme Court made clear in Bell Atlantic v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007), the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Thus, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (citations omitted).

Additionally, in evaluating a motion to dismiss, I may consider documents that are attached to or submitted with the complaint as well as any matters incorporated by reference or integral to the claim. Buck v. Hampton Twp. School Dist., 452 F.3d 256, 260 (3d Cir. 2006), citing, Pryor v. Nat'l Collegiate Athletic Ass'n., 288 F.3d 548, 559 (3d Cir. 2002) and 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure, § 1357 (3d ed. 2004). I may also consider items subject to judicial notice, matters of public record, orders and items appearing in the record of the case. Id.

## Analysis

### I. Count I - 42 U.S.C. § 1983

As stated above, in Count I of the Complaint Akrie asserts claims under 42 U.S.C. § 1983 for violations of his rights under the Fourth and Fourteenth Amendments. See Complaint, ¶ 19. The Defendants challenge these claims as untimely. Section 1983 does not provide its own statute of limitations. See Wallace v. Kato, 549 U.S. 384, 127 S. Ct. 1091, 1094 (2007). Instead, federal courts use the state statute of limitations for person injury torts. Wallace, 549 U.S. at 387, 127 S. Ct. at 1094, citing, Owens v. Okure, 488 U.S. 235, 249-50, 109 S. Ct. 573 and Wilson v. Garcia, 471 U.S. 261, 279-80, 105 S. Ct. 1938 (1985). Pennsylvania establishes

a two-year statute of limitations for personal injury tort claims. See 42 Pa. Cons. Stat. Ann. § 5524.

Akrie filed his Complaint on November 30, 2008. See Docket No. [1]. Thus, his § 1983 claim must have accrued no later than two years prior to that date. Though state law governs the length of a statute of limitations, federal law governs the accrual date. Wallace, 549 U.S. at 388, 127 S. Ct. at 1095. Thus, accrual occurs "when the plaintiff has 'a complete and present cause of action.'" Id., quoting, Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. Of Cal., 522 U.S. 192, 201, 118 S. Ct. 542 (1997). Accrual therefore depends upon the particular cause of action. As I read the allegations in the Complaint, the common law claims for false arrest, false imprisonment and malicious prosecution are the most analogous to the constitutional claims underlying the § 1983 claim. See Complaint, ¶¶ 9, 13, 15, 19-21.

False arrest and false imprisonment consist of unlawful detention - that is, detention *without legal process.* Wallace, 549 U.S. at 389, 127 S. Ct. at 1095. Thus, "false imprisonment ends once the victim becomes held *pursuant to such process* - when, for example, he is bound over by a magistrate or arraigned on charges." Id. at 389, 127 S. Ct. at 1096 (citations omitted) (emphasis in original). "Thereafter, unlawful detention forms part of the damages for the 'entirely distinct' tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process." Id., at 390, 127 S. Ct. at 1096 (emphasis in original) (citations omitted). To succeed on a § 1983 claim for malicious prosecution, the plaintiff must demonstrate that the criminal proceeding terminated in his favor. The cause of action accrues at this point in time. See Ginter v. Skahill, 298 Fed. Appx. 161, 163, 2008 WL 4717516 (3d Cir. 2008), citing, Smith v. Holtz, 87 F.3d 108, 111 (3d Cir. 1997).

Applying this framework to Akrie's case, neither the Complaint nor the exhibit submitted by the Defendant reveals the date upon which Akrie's false arrest / false imprisonment claims accrued - that is - when he "became held pursuant to legal process." Obviously, however, such

4

date must have occurred before September 28, 2006 - the date of his acquittal. The record demonstrates that Akrie failed to file his § 1983 claim within two years of the date his claims for false arrest / false imprisonment accrued or within two years of the date his claim for malicious prosecution accrued.

Akrie invokes the "discovery rule" and the doctrine of equitable tolling in an effort to avoid dismissal. In the Brief in Support of Plaintiff's Response to Defendants Joint Motion to Dismiss (Docket No. [9]), Akrie alleges that:

> [i]n the instant case, the actions of the defendants against the Plaintiff at the time of his acquittal were not readily apparent and were concealed by the Defendants. The Defendant [sic] did not begin to ever surmise that the actions of the Defendants were deliberate in nature and based upon fabricated and misrepresented evidence until rumors of the same began to surface on the street which did not begin until almost a year after his acquittal. Prior to such time, the evidence of record seemed to indicate that the actions of the Defendants in charging him with the underlying matter was based upon probable cause which would justify his arrest, but which not [sic] establish his guilt or involvement beyond a reasonable doubt, thereby resulting in his acquittal. ... it is submitted that the Plaintiff did not discover the deliberate actions of the officers in this matter to deprive him of his rights by the use of improper, fabricated or misrepresented evidence and that such actions caused his arrest, imprisonment and prosecution while the officers knew or should have known that they lack [sic] probable cause for their actions until well after the expiration of more than one (1) year after his acquittal.

See Docket No. [9], p. 6-7. Yet the Complaint itself is devoid of any allegations relating either to the applicable doctrines or the facts in support thereof.

It is well established that, where a Complaint is untimely on its face, as this Complaint is, the plaintiff must include tolling allegations in order to survive a statute of limitations challenge. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1391 n. 10 (3d Cir. 1994) (reviewing the dismissal of a claim as untimely and stating "[w]e do not apply this doctrine to Oshiver's failure to hire claim, however, because nowhere in the complaint does Oshiver allege that the law firm misled her, actively or otherwise, with respect to this claim. Accordingly, there is no basis for the application of the equitable tolling doctrine."); Wasco Prods. Inc. v. Southwall

5

Techs. Inc., 435 F.3d 989, 991 (9th Cir.), cert. denied, 127 S. Ct. 83 (2006) (stating that "federal courts have repeatedly held that plaintiffs seeking to toll the statute of limitations on various grounds must have included the allegations in their pleadings; this rule applies even where the tolling argument is raised in opposition to summary judgment"); Compton v. Nat'l League of Prof. Baseball Clubs, 995 F. Supp. 554 (E.D. Pa. 1998), aff'd, 172 F.3d 40 (3d Cir. 1998) (granting a motion to dismiss a complaint as untimely and rejecting the application of the equitable tolling doctrine because "nowhere in his complaint does Compton allege that the defendants mislead him into sleeping on his rights after the 1994 termination.") and Cooper v. Wawa, Inc., Civ. No. 94-5920, 1995 WL 50061 at * 2 (E.D. Pa. Feb. 2, 1995) (dismissing a complaint as untimely where "Plaintiff's amended complaint is devoid of any allegations of an affirmative act to mislead."). Because Akrie's Complaint is untimely on its face and does not include any of the allegations necessary to invoke either the discovery rule or the doctrine of equitable tolling, the claims must be dismissed. Dismissal is, however, without prejudice to file an Amended Complaint curing the noted deficiencies.

II. State Law Claims

The Defendants similarly urge that the state law claims are untimely. Under Pennsylvania law, claims of false arrest, false imprisonment and malicious prosecution are governed by a two year statute of limitations. See 42 Pa. Cons. Stat. Ann. § 5524(1). As stated above, these claims accrued, at the latest, on the date Akrie was acquitted of all criminal charges - September 28, 2006. He failed to commence this litigation within two years of that date. Consequently, his claims are untimely and subject to dismissal. Again, however, the dismissal is without prejudice.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Todd A. Akrie, )
)
    Plaintiff, )
)
vs. ) Civil Action No. 8-1636
)
City of Pittsburgh; Brian Weismantle, )
Michelle Lynn McHenry, S. Hitchings, )
Timothy Rush, J. McGee, T. Nutter, )
P. Moffatt and George Trosky, )
)
    Defendants. )

AMBROSE, Chief District Judge

### ORDER OF COURT

AND NOW, this <u>22nd day of June, 2009</u>, after careful consideration, and for the reasons set forth in the accompanying Opinion, the Defendants' Joint Motion to Dismiss (Docket No. [2]) is GRANTED. The dismissal is, however, without prejudice. Plaintiff is entitled to file an Amended Complaint, curing the deficiencies noted in the Opinion, within 10 days of date of this Order. Given the relative age of this case (the case is nearly seven months old and not yet beyond the pleadings stage), and the Court's having already granted Plaintiff two extensions within which to respond to the Joint Motion to Dismiss, Plaintiff is hereby notified that no extensions shall be permitted with respect to the date for the filing of the Amended Complaint.

                              BY THE COURT:

                              /s/<u>Donetta W. Ambrose</u>
                              Donetta W. Ambrose,
                              Chief U.S. District Judge