IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TODD A AKRIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 8-1636 |
| ) | |
| CITY OF PITTSBURGH, BRIAN ) | |
| WEISMANTLE, MICHELLE LYNN ) | |
| MCHENRY, S. HITCHINGS, TIMOTHY ) | |
| RUSH, J. MCGEE, T. NUTTER, P. ) | |
| MOFFATT AND GEORGE TROSKY ) | |
| Defendants. ) | |

AMBROSE, Senior District Judge

OPINION
and
ORDER OF COURT

Plaintiff Todd Akrie ("Akrie") was arrested in January of 2006 and charged with criminal homicide, robbery and two counts of violating the Uniform Firearms Act in connection with the death of David Agar on January 28, 2005. See ECF No. 11, ¶ 12. Akrie was tried without a jury in the Court of Common Pleas of Allegheny County, Pennsylvania before the Honorable Judge Donald Machen. Id. ¶ 14. He was acquitted of all counts on September 28, 2006. Id.

As was previously noted by Opinion and Order addressing a Motion to Dismiss (see ECF No. [10]), Akrie then commenced suit against the City of Pittsburgh and a number of its police officers who were involved in the investigation of Agar's death.[1] He asserted claims against all the Defendants under 42 U.S.C. § 1983 for violations of his 4th, 5th and 14th Amendment rights. He similarly asserted state law claims for false arrest, false imprisonment and malicious prosecution. This Court previously dismissed both the federal and state law claims as untimely. Nevertheless, Akrie was given a chance to file an Amended Complaint in order to assert tolling allegations.

Discovery has concluded and the Defendants have filed a Joint Motion for Summary Judgment. See ECF No. [37]. In addition to challenging substantive aspects of Akrie's claims,[2] the Defendants again challenge their timeliness. According to the Defendants, the facts developed during discovery do not warrant the tolling of the statute of limitations. Akrie challenges the Defendants' assertions in this regard.

After careful consideration, and for the reasons set forth below, I agree with the Defendants with respect to their timeliness argument. The record is deficient of evidence upon which reasonable jurors could find that either the discovery rule or the doctrine of equitable tolling would apply so as to make Akrie's claims timely. Summary judgment is granted in the Defendants' favor on all claims.

## Standard of Review

Summary judgment may only be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue as to any material facts and that the moving party is entitled to

---

[1] Akrie names Brian Weismantle, Michelle Lynn McHenry, S. Hitchings, Timothy Rush, J. McGee, T. Nutter, P. Moffat and George Trosky as individual Defendants.
[2] Given my rulings on the issue of timeliness, I need not address the substantive challenges.

judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material when it might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Rule 56 mandates the entry of judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In considering a motion for summary judgment, the Court must examine the facts in the light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the nonmoving party. Anderson, 477 U.S. at 248. Where the nonmoving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex, 477 U.S. at 322. Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

Analysis

As previously stated, Akrie was given the opportunity to amend his Complaint for the purpose of including tolling language. In the Amended Complaint Akrie references both the "discovery rule" and the doctrine of equitable tolling. See ECF No. 11, ¶¶ 22,

23. Though discussed at greater depth in the Opinion and Order disposing of the Motion to Dismiss (See ECF No. [10]), generally speaking, the discovery rule "is a judicially created device which tolls the running of the applicable statute of limitations until the point where the complaining party knows or reasonably should have known that he has been injured and that his injury has been caused by another party's conduct." Crouse v. Cyclops Indus., 560 Pa. 394, 745 A.2d 606, 611 (2000). See also, Koehnke v. City of McKeesport, 350 Fed. Appx. 720, 723-24 (3d Cir. 2009). "For the statute of limitations to run under this rule, it is not necessary for a plaintiff to know the 'exact nature' of his injury, as long as it objectively appears that he 'is reasonably charged with the knowledge that he has an injury caused by another.'" Wagman v. Cherba, Civ. No. 10-1496, 2011 WL 134187 at * 1(W.D. Pa. Jan. 14, 2011), quoting, Mest. v. Cabot Corp., 449 F.3d 502, 510-11 (3d Cir. 2006). "Additionally, it is the burden of the plaintiff to establish that he 'pursued the cause of his injury with those qualities of attention, knowledge, intelligence and judgment which society requires of its members for the protection of their own interests and the interest of others.'" Id.(citations omitted). Similarly, the doctrine of equitable tolling applies in situations where "the defendant has actively misled the plaintiff respecting the plaintiff's cause of action… ." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994). [3]

The narrow question before me then is whether the record contains sufficient evidence to support the application of either the discovery rule or the doctrine of equitable tolling. Akrie bears the burden of proffering this evidence. See Calle v. York Hosp., 232 F. Supp.2d 353, 357 (M.D. Pa. 2002), citing, Dalrymple v. Brown, 549 Pa.

---

[3] Though the doctrine of equitable tolling applies in other instances as well, given Akrie's references to the Defendants' "deceptive actions," I presume he was invoking this particular instance.

217, 701 A.2d 164, 167 (1997) and Courtney v. LaSalle University, 124 F.3d 499, 505 (3d Cir. 1997). After careful consideration, and for the reasons set forth below, I find that Akrie has not met this burden. Consequently, summary judgment is granted in favor of the Defendants. See CRS Auto Parts, Inc. v. National Grange Mut. Ins. Co., 645 F. Supp.2d 354, 366-67 (E.D. Pa. 2009) (stating that, though normally a matter left to a jury, "where reasonable minds could not differ in finding that a party knew or should have known, by the exercise of reasonable diligence, of his injury and its cause, the court may determine that the discovery rule does not apply as a matter of law.") (citations omitted).

Akrie's Concise Statement of Material Facts does not include any facts which suggest either that he was unaware at the time of the acquittal that he had been the victim of mistaken identity or that he had been deceived by the Defendants in some manner. See ECF No. [47]. Indeed, while he makes vague references to the possibility that "Loboi may have been influenced in his selection as the shooter due to his failure to readily cooperate in the investigation when initially asked,"(see ECF No. [47], ¶ 21),[4] there is no evidence tendered in support of this assertion.[5] Further, the Defendants have submitted evidence indicating that Akrie was aware of all relevant and material facts at the time of his acquittal. The following exchange took place during Akrie's deposition:

---

[4] Akrie makes other allegations, such as that some of the Defendants have driven by his house post-acquittal and that he has been subjected to numerous traffic stops post-acquittal. These allegations are irrelevant both because they lack evidentiary support in the record and because they are not probative on the issue of when Akrie learned of his alleged injury or whether the Defendants misled him regarding his cause of action.

[5] Akrie references the "Affidavit of Todd Akrie," yet there is no affidavit on record. Further, a phone call to Akrie's counsel inquiring about the absence of the same went unreturned. This Court nevertheless delayed issuing its Opinion for more than a week after informing counsel of its absence in order to allow ample time to submit the missing evidence. Nothing was forthcoming.

5

> Q. Okay, is there anything that didn't come out at the trial that you learned about later that the police did improper in this investigation or in this prosecution?
> A. Maybe almost half a year later, I seen that the situation and the circumstances of me being held there was kind of wrong. I talked to my pastor about it, and I was referred to a lawyer's office to see if anything could be done for what had happened because I felt that it was unfair.
> Q. [B]ut that's just you feeling like you were unfairly prosecuted, and you looked in to it and talked to an attorney about it sometime afterwards; is that correct?
> A. Yes.
> Q. [D]id you learn any new evidence, such as a new witness, that was available back at the time of your trial that the police hid from you and your attorneys?
> A. No.
> Q. Did you come to learn that the police knew who the real shooter was but ignored that and instead chose to prosecute you?
> A. [T]he discovery says plain as day everyone that was in the car that was questioned said the same story to the T, times, date, what they had on, who wore this, who wore that, where it happened at.
> I believe I read that (the people in the green vehicle) went to a couple different bars in the Strip District, and I think that place maybe an after-hours place … and they went there, and they just told the whole story, what happened out there.
> Q. And you learned that from looking through the criminal discovery materials that were available to you?
> A. Yes, through discovery.
> Q. All right; and obviously then that material was available to your criminal defense attorney?
> A. Yes.

See, Deposition of Todd Akrie, p. 79:14-23, p. 80: 1-23, p. 81: 1-12 . Akrie also concedes that the Defendants had not concealed any evidence from him. The exchange reveals that Akrie simply determined, at a date beyond the applicable statute of limitations, that he should pursue a legal remedy. He simply determined, upon further reflection, that he should pursue a legal remedy after discussing things with his pastor and an attorney. But a federal cause of action accrues upon "awareness of actual injury, not upon awareness that this injury constitutes a legal wrong." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1386 (3d Cir. 1994). Simply stated,

nothing in the record supports a finding that Akrie was unaware of his alleged injury at the time of his acquittal or that the Defendants acted in any way so as to mislead Akrie as to his cause of action. Consequently, based upon the record evidence before me, the Defendants are entitled to summary judgment.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TODD A AKRIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 8-1636 |
| ) | |
| CITY OF PITTSBURGH, BRIAN ) | |
| WEISMANTLE, MICHELLE LYNN ) | |
| MCHENRY, S. HITCHINGS, TIMOTHY ) | |
| RUSH, J. MCGEE, T. NUTTER, P. ) | |
| MOFFATT AND GEORGE TROSKY ) | |
| Defendants. ) | |

AMBROSE, Senior District Judge

ORDER OF COURT

AND NOW, this 7th day of February, 2011, after careful consideration, and for the reasons set forth in the accompanying Opinion, the Motion for Summary Judgment (See ECF No. [37]) is granted. Judgment is entered in favor of the Defendants and against Plaintiff on all claims.

BY THE COURT:
/s/ Donetta W. Ambrose
Donetta W. Ambrose
Senior Judge, U.S. District Court
